JOHN B. MORRIS *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.—*December*, 1847.

*M.*, an inhabitant of the city of *Baltimore*, was a stockholder in several banks there, chartered prior to the year 1821. The Corporation of that city imposed taxes upon the stocks of said banks for the use of the city, and assessed a portion thereof to *M.*, who *voluntarily* paid such tax. Afterwards considering said taxes illegally levied, *M.* demanded the return of the money paid by him, which the city refused. In an action of assumpsit brought to recover back the taxes paid, *Held*, that whether the tax was legal or illegal, the payment being voluntarily made, could not be recovered back.

APPEAL from *Baltimore* County Court.

This was an action of *assumpsit* brought by the appellant against the appellees, to January term, 1845. The defendants pleaded the general issue.

The cause was submitted to the county court upon the following statement of facts:

In this case it is admitted that the *President and Directors of the Union Bank of Maryland*, the *President and Directors of the Mechanics' Bank of Baltimore*, and the *President and Directors of the Bank of Baltimore*, were chartered previous to the year 1821, and that they duly accepted and complied with the terms and conditions held out to them by the *State of Maryland*, by an act of the General Assembly of *Maryland*, passed at December session, 1821, being chapter 131 of the acts of that session of Assembly.

It is also admitted that the said *John B. Morris* was and is a citizen of *Baltimore*, and resident therein, that the said *Morris* was a stockholder in each of said banks before the year 1842, and at the period when the taxes hereinafter mentioned were assessed, levied, and collected.

It is also admitted that taxes were levied by the *Mayor and City Council of Baltimore*, and paid by said *Morris* upon the stocks held by said *Morris* as aforesaid, in the said banks, to the amount of $318 95, of which $100 00 was paid before 1st September, 1842, and $46 31 on 22d November, 1842,

and $102 16 on the 6th September, 1843, and $70 58 on the 13th January, 1845.

It is also admitted that the said taxes, amounting to $318 95, so as aforesaid levied by the said *M. and C. C. of B.* on the stocks so as aforesaid held by the said *Morris*, and which was so as aforesaid paid by the said *Morris;* that the stocks in said banks on which the said taxes were so levied and paid, were duly and properly assessed to said *Morris*, as a part of his assessable property, under and in conformity to the acts of Assembly and ordinances of the city of *Baltimore*, in that case made and provided; and that the said taxes were duly levied by the said *M. and C. C. of B.* for the following years, to wit: 1842, 1843 and 1844, and that the payments made by said *Morris* as aforesaid, were not made under any distress or legal process.

It is also admitted that the said taxes so as aforesaid levied and collected of the said *Morris*, were so levied and collected by the said *M. and C. C. of B.* of the said *Morris*, as city taxes for the purposes and uses of said city of *Baltimore*, and they were paid to, and received by the proper officer of the said *M. and C. C. of B.*, and by him paid to the *M. and C. C. of B.* in conformity to the charter and ordinances of the said *M. and C. C. of B.*, providing for the collection of city taxes imposed by the *M. and C. C. of B.*

It is also admitted that under the provisions of certain ordinances, passed by the said *M. and C. C. of B.*, which it is agreed shall form a part of this statement, and may be read as such from the printed ordinances of the said *M. and C. C.;* the privilege and right was given to every person chargeable with city taxes, levied by said *M. and C. C.*, to have certain deductions made for prompt payment of any of said taxes. And that said *Morris* availed himself of the provisions of said ordinance at the time and in the manner previously stated, as to a portion of the taxes so levied and collected of him by the said *M. and C. C. of B.*, and they were allowed to him and deducted from his said taxes to the extent of said payment. That on the above mentioned payments of taxes made by said

*Morris,* he obtained a discount of 3 per cent. on $100 00 paid in 1842, and 2 per cent. on $102 16 paid in 1843, in conformity with the notices on said bills.

It is also admitted that on the back of the bills delivered to and paid by said *Morris* for taxes on the stock aforesaid, was endorsed the words following, to wit:

" If this bill is paid on or before the first day of July of the current year, a discount will be allowed of five yer cent."

"On or before the first day of August, four per cent."

"On or before the first day of September, three per cent."

"On or before the first day of October, two per cent."

"On or before the first day of November, one per cent."

" The collector is required to enforce the law against all persons whose taxes remain unpaid after the 1st day of November of the current year."

It is also admitted that application was made to the said *M. and C. C. of B.* by the said *Morris* and others, in the year 1845, for the refunding by the said city of the taxes so as aforesaid paid by the said *Morris* and others, and that the said *M. and C. C.* passed the resolution No. 109, of the resolutions of the said *M. and C. C. of B.* at its January session, 1845. And said resolution it is agreed shall be a part of this statement, and may be read as such from the printed ordinances of the city of *Baltimore.*

It is also agreed that any ordinance of the city of *Baltimore,* and any act of Assembly which either party may desire to use in the hearing of this case, either in the county court or Court of Appeals, may be read and used as a part of this statement from the printed ordinances of the city of *Baltimore,* and the printed acts of Assembly of *Maryland,* to have the same effect as a part of this statement, as if it were inserted at large and duly authenticated. It is further agreed, that it shall be competent for the court to draw such and other inferences of facts from those above agreed on, as a jury could do if the same were offered in evidence to them.

. It is further agreed, that if upon the aforegoing statement of facts the court shall be of opinion that the said *Morris* is

entitled to recover back from said *M. and C. C. of B.* the taxes so as aforesaid paid by him, or any part thereof, then the court shall render judgment against the said *M. and C. C. of B.* for the amount of said taxes, or so much thereof as the court shall be of opinion the said *Morris* is entitled to recover back from said *M. and C. C.* with costs. But if the court shall be of opinion that the said *Morris* is not entitled to recover back the said taxes so as aforesaid paid by him, nor any part thereof from the said *M. and C. C.*, then the court shall render judgment in favor of the *M. and C. C.*, the defendants in this action, with costs of suit.

And it is agreed that either party may appeal from the judgment of *Baltimore county court* upon the aforegoing statement; and that upon appeal by either party, the Court of Appeals may render judgment on the aforegoing statement of facts and agreement.

The judgment being against the plaintiff, he prosecuted an appeal to this court.

The cause was argued before ARCHER, C J., DORSEY, MAGRUDER and MARTIN, J.

By DULANY and MEREDITH for the appellant, and

By PRESSTMAN and McMAHON for the appellees.

MARTIN, J., delivered the opinion of this court.

The validity of the tax imposed in this case upon the stock held by the appellant in the banks of *Baltimore,* chartered previous to the year 1821, is maintained by the opinion delivered at the present term, by this court, in the case of *Gordon* against the *Mayor and City Council of Baltimore;* and the only question presented for our consideration is, whether, assuming the tax to have been unauthorised and illegal, an action to recover back the sum paid, could, under the circumstances exhibited in the agreed statement of facts, be sustained by the appellant against the *Mayor and City Council of Baltimore?*

In the case of the *Mayor and City Council of Baltimore against Lefferman,* heard and decided at the December term, 1846, the doctrine of voluntary and compulsory payments was discussed with great ability by the counsel who were concerned in the cause.

All the authorities cited during the present argument were by the research of the counsel in the former case, brought to the view of the court: in both cases it is apparent that the tax was demanded and paid under the impression, sincerely and honestly entertained by both parties, that it was legally due, and although the means of vindicating himself against the assessment, if it was illegal, was as amply secured to the defendant, as if an unjust demand had been imposed upon him by an individual, the right to maintain the action was placed in the *Mayor and City Council vs. Lefferman,* as it has been in the present case, upon the ground of a supposed inequality in the condition of the parties.

After a careful review and examination of the authorities, the court announced in the case of the *Mayor and City Council against Lefferman,* what they regarded as the true doctrine upon the subject of voluntary and compulsory payments, as far as it was applicable to the case before them; and we certainly have not been able to perceive any reason for departing from the propositions there enunciated.

On the contrary, we desire to be understood as re-affirming the principles declared in the *Mayor and City Council and Lefferman;* and as that case cannot be distinguished *from* the one before us, we should have affirmed the judgment of the court below, even if we had considered the tax as unconstitutional and void.

**JUDGMENT AFFIRMED.**