*JAMES M. LESTER *v.* THE MAYOR AND **415** CITY COUNCIL OF BALTIMORE.

*Decided November 13th, 1868.*

PAYMENTS BY MISTAKE.

Where a person with full knowledge of the *facts, voluntarily* pays a demand unjustly made upon him, though attempted or threatened to be enforced by proceedings, it will not be considered as paid by compulsion, and the party thus paying is not entitled to recover back the money paid, though he may have protested against' the unfounded claim at the time of payment made. (*a*)                    p. 418

Where money has been paid under a mistake of the facts, or under circumstances of fraud or extortion, or as a necessary means to obtain

---

(*a*) As to payments by mistake, see *Baltimore v. Lefferman,* 4 Gill, 358; *Broumel v. White,* decided by the Court of Appeals, April 1, 1898.

the possession of goods wrongfully withheld from the party paying the money, an action may be maintained for the money wrongfully exacted.                                                                 p. 418

But such action is not maintainable in the naked case of a party making payment of a demand rather than resort to litigation, and under the supposition that the claim which subsequently turned out to be unauthorized by law, was enforceable against him, or his property.

pp. 418-419

Appeal from the Superior Court of Baltimore City.

This was an action of *assumpsit,* instituted by the appellant against the appellee. The declaration of the plaintiff contained seven counts, but no evidence was offered to sustain any but the seventh, which was for money had and received by the defendant for the use of the plaintiff, and alleged that for the purpose of preventing a compulsory sale, by the defendant, of the plaintiff's lot, the plaintiff paid to the defendant the sum of $2,446.07, etc., as set out in said count; and the plaintiff claimed that as the threatened sale was to enforce the payment of a tax, which was subsequently decided by the Court of Appeals to have been illegally assessed, he was entitled to recover the said sum from the defendant, as for money had and received for his use.

The cause was argued before Bartol, C. J., Nelson, Stewart, Miller and Alvey, JJ.

**416**    *William F. Frick,* for the appellant:

The tax was wrongfully assessed, and the collection of it was unauthorized and unlawful. *Baltimore v. Porter,* 18 Md. 284.

The payment by the appellant was not voluntary but compulsory. His assessed property was advertised to be sold by the collector in default of payment of the tax, within a few days. He himself says, " That he paid the bill because he had to pay it, not because he thought it was right. *His property was advertised for sale if he did not pay it,* and he thought the property worth more than the bill. *That he paid it because he did not want the city to sell his property,* and he did not want to enter into litigation. He knows that *he demurred to*

*paying the bill as an unjust one,* and told the collector he paid it because he had to pay it."

Whenever a collector attempts to enforce payment of an unlawful tax by sale or distraint of the property assessed, and the owner pays the claim, not because he considers it lawful, but to prevent sale or distraint of his property, the payment is clearly compulsory and under duress. The remedy of the injured party does not lie solely in his right to an injunction to stay the unlawful proceedings—or in his right to treat the sale or distraint as void—and put the purchaser to his action, for recovery, etc. He has an equal right, if he prefers to take that course, to pay the demand under protest or demur, in order to stop the sale or distraint; and take his action to recover back the sum paid. These principles are well settled. *Baltimore v. Lefferman,* 4 Gill, 425.

*Robert D. Morrison* and *William Henry Norris,* for the appellee:

From the evidence of the plaintiff himself, it is clear the payment was made by him under a *mistake of law.* He says, "That at the time of the said settlement, he presumed he was legally responsible for said bill of grading North avenue;" and "That his property was advertised for sale if he did not *pay it, **417*** and he thought the property worth more than the bill." *Bilbie v. Lumley,* 2 East, 469; *Brisband v. Dacres,* 5 Taunt. 143; *Baltimore v. Lefferman,* 4 Gill, 425; *Morris v. Baltimore,* 5 Gill, 244.

The payment was voluntary and not compulsory; and no notice was given by the plaintiff to the defendant that he would be held responsible for the amount paid. In the Porter case, the question was asked of the plaintiff here, who was a witness there, "You say that you have settled the bill for grading as presented to you; how came you to settle that bill, if, as you say, Bouldin's plat showed that you had no claim?" To which question the plaintiff replied, "That is rather a difficult question to explain. I consider it my interest to do so, I suppose." In answer to the question, "Please state whether your bill for dirt, furnished by you to the sub-contractors, was only $600?" He says, "I furnished them more dirt than that, sir. The arrangement simply was that I was to get $1,500 for the

dirt, $1,000 of which was paid by their grading certain streets, which were outside of the avenue and *within my place."* To the following interrogatory, " Please state whether or not this contract with the sub-contractors was the inducement to settling your grading bill?" he answers, *" It was one great inducement to my doing so."* *Baltimore v. Lefferman,* 4 Gill, 425; 2 Saunders' Pl. & Ev. part 1, 390, (marg.) title "Money paid, etc., by mistake," and cases there cited; *Taylor v. Board of Health,* 31 Pa. St. 73; *Allentown v. Saeger,* 20 Pa. St. 421.

"·A count for money had and received will not lie except to recover money retained contrary to equity and right." *Green v. Stone,* 1 H. & J. 405.

Alvey, J., delivered the opinion of the court.

The main question in this case, (the determination of which dispenses with the necessity of deciding any other raised by the record,) is, whether the money sued for was paid by the appellant to the appellees, or to their use, under such circumstances as to entitle the former to recover it back. And, upon a careful examination of the record, we are clearly of opinion that it was not.

No principle is better settled than that where a person, with full knowledge of the *facts, voluntarily* pays a demand unjustly made upon him, though attempted or threatened to be enforced by proceedings, as appears to have been the case in this instance, it will not be considered as paid by compulsion, and the party thus paying, is not entitled to recover, though he may have protested against the unfounded claim at the time of payment made. As in *Knibbs v. Hall,* 1 Esp. 84, where a party under a threat of distress, paid money as rent in order to avoid the distress, it was held that it could not be deemed a payment by compulsion, as the party paying might, by a replevin, have defended himself against the distress; and that, therefore, after a voluntary payment so made, he could not be allowed to dispute its legality. And so, in *Brown v. McKinally,* 1 Esp. 279, a party was sued on a claim which he knew to be unfounded, but, notwithstanding, paid it, declaring at the time that he did it without prejudice to his right to recover it

back. In an action for the money thus paid, it was held to have been voluntarily paid, and, therefore, not recoverable.

There is no pretense here that the money sued for was paid under mistake of the facts, or under circumstances of fraud and extortion; nor is this a case where money has been paid as a necessary means to obtain the possession of goods wrongfully withheld from the party paying the money, as in *Shaw v. Woodcock,* 7 B. & Cr. 73. In such cases, an action may be maintained for the money wrongfully exacted. But it is the naked case of a party making payment of a demand rather than resort to litigation, and under the supposition that the claim, which subsequently turned out to be unauthorized by law, was enforceable against him or his *property. For the ap- **419** pellant himself tells us that he " did not want to unite in any litigation about the legality of the law; but, as his property was advertised for sale, he thought he had better settle the bill; that he paid it because he did not want the city to sell his property, and he did not want to enter into litigation." And again, in the course of his evidence, he says : " that at the time of said settlement, he presumed he was legally responsible for said bill of grading on North avenue, and that he paid said bill to avoid the trouble and expense of litigation, and that he took no part in the subsequent litigation. He thought it better to settle said bill." He further says, that a certain contract made by him with the sub-contractors in regard to dirt furnished, and for which he was allowed compensation, "was one great inducement" to his settling the bill for grading. This is the state of case, as presented by the appellant's own testimony, and which it would not be competent for him to controvert or gainsay.

As was said in *Brisband v. Dacres,* 5 Taunt. 144, and again in *Elliott v. Swartwout,* 10 Pet. 137, there are many doubtful questions of law. When they arise, the party, of whom claim is made, has an option either to litigate the question or submit to the demand and pay the money. But it would be most mischievous and unjust if he, who has acquiesced in the right by voluntary payment, should be at liberty, at any time within the statute of limitations, to rip up the matter and recover back the money. " Every man," as was declared by Lord Ellenborough, C. J., in *Bilbie v. Lumley,* 2 East, 471, " must be taken

to be cognizant of the law, otherwise there is no saying to what extent the excuse of ignorance might not be carried. It would be urged in almost every case. In *Lowry v. Bourdie,* 2 Doug. 454, money paid under a mere mistake of the *law,* was endeavored to be recovered back, and there Buller, J., observed that *ignorantia juris non excusat.*" Instead of paying the bill for grading, the appellant should have pursued a similar course

**420** *to that pursued by Porter (*Baltimore v. Porter,* 18 Md. 284,) in regard to a claim for grading of the same street under the same supposed authority; and by testing the validity of the claim, defeated it. Failing to avail himself of a legal remedy for his protection, and electing to pay the demand made of him, rather than resort to litigation, he must abide his election, and be held as concluded by his conduct, with knowledge of all the facts. And if there was no other authority for the action of the court below, the cases of *Baltimore v. Lefferman,* 4 Gill, 425, and *Morris v. Baltimore,* 5 Gill, 244, would be regarded as in all respects conclusive of its correctness.

*Judgment affirmed.*