JOHN W. JONES, *et al. vs.* GEORGE BURNHAM, JR., *et al.*

Cumberland. Decided May 8, 1877.

*Contract. Trial.*

If a patentee, in consideration of a royalty, grants to another a license to use his patent, who uses it, the patentee's right being in litigation and that fact known to the licensee, he not having been interfered with, cannot plead in defense that the invention was not new nor that the patentee was not the first inventor.

Where there is no evidence showing or tending to show fraud, it is not error in the court to decline submitting that question to the jury.

ON EXCEPTIONS, from the superior court.

ASSUMPSIT, on a written contract, to recover royalty under a license, dated August 25, 1874, for the years from 1874 to 1878, inclusive, given by plaintiffs to defendants, upon what is known as, the "Green corn patents."

The case presented by the plaintiffs was that the defendants had taken the license from the plaintiffs to make use of letters patent of the United States, No. 34,928 and No. 35,274, and had agreed to pay twenty-five cents for every dozen of cans of green corn packed; and that during the year 1875 the defendants packed 33,830 dozen of cans, for which they refused to pay.

The defenses set up were in substance these:

1. That the letters patent in question were void for want of novelty, that there was therefore no consideration for their agreement to pay license fee.

2. That they had received no benefit or advantage for their license and that there was therefore no consideration for their agreement.

3. That at time of the granting of this license the plaintiffs had knowledge of certain English letters patent, subsequently held by the supreme court of the United States, to anticipate the letters patent in question; that such knowledge on the part of the plaintiffs, (although shared by the defendants) made this contract void by reason of legal fraud.

The counsel for the defendants offered the record in the case of *Jones* v. *Sewall*, to which the plaintiffs' counsel objected.

The presiding judge ruled these defenses insufficient, and in the matter of the offer said :

" The precise question which has been argued now, is in regard to the admissibility of the record in *Jones* v. *Sewall.* Objection is made upon two grounds : First, that it is not between the same parties as in this suit ; that it is merely conclusive against Jones, so far as Sewall is concerned ; Second, that the invalidity of the patent is no defense to the present case.

" In regard to the first ground, I understand the law of this state to render the record admissible, so far as that objection is concerned. It is a suit to which Jones is a party, and where the question of the invalidity of the patent was directly raised. So he had an opportunity to be heard upon that question before a court having jurisdiction. I am aware that formerly there was a different rule, but I understand the decisions of this state to be that the record is admissible against Jones in any proceeding to which he is a party, where the precise question determined by the court is involved.

" So that so far as the first ground of the objection is concerned, I shall rule that the record is admissible.

" It is then claimed that it is immaterial, and affords no defense to the prosecution of this suit. To determine that question, I apprehend it is necessary to consider somewhat the position of the parties at the time this contract was made, so far as it appears from the evidence in the case.

" I understand it to be conceded that at the time of the execucution of this contract, in August, 1874, this proceeding in equity to determine the validity of the patent was then pending, known to all parties to the suit to be pending ; that at that time the decision of the circuit court of the United States had been rendered sustaining the patent, which fact was also known to the parties to this suit. From that decision appeal had been taken to the supreme court of the United States, so that no final judgment had been rendered. I understand it further to be conceded, that upon that appeal final judgment was rendered, declaring the patent void for want of novelty, but rendered subsequent to the packing of the corn for the year 1875, by the defendants.

" Returning to the date of this agreement, in August, 1874, the plaintiffs were holders of the letters patent claiming they were valid. There were controversies pending, but a preliminary decision had been rendered in favor of the patent itself. Jones was in the position of a man claiming to have the legal right to hold letters patent, and control the manufacture of this patented article. They were asserting their rights, claiming they were legal and valid.

" The defendants then were in a position where they could adopt either one of two courses. They could treat the patent as invalid, and proceed to manufacture the article in defiance of the patent, and abide the consequences, whatever they might be.

" The second course was to make some arrangement with the person holding the apparant legal right to the patent, by which they could manufacture the article by his consent, without subjecting themselves to damages in case the patent was sustained. This course the defendants adopted. They made an agreement by which they were to pay twenty-five cents a dozen as a royalty to holders of the patent.

" Leaving out the question of fraud, which is open to the defendants if they propose to establish it by any competent evidence, the question arises here, whether, under the pleadings, the defense of want or failure of consideration of the contract has been sustained, or whether this record of the supreme court tends to sustain such a defense.

" In my view of the case it does not. I think the consideration which the defendants received was the right to manufacture the patented article during the year 1875 without fear of legal proceedings being instituted against them, and purchasers from them were protected from any litigation. In my judgment, that is a sufficient legal consideration for the contract itself; and I shall rule in the absence of proof of notice or any act tending to terminate the contract, and in the absence of fraud, that corn packed by the defendants under this process, prior to the decision of the supreme court, must pay the royalty in accordance with the terms of the agreement.

" I therefore, upon the immediate question, rule that this record

is admissible if the defense propose to connect it with competent evidence of fraud in the original contract; otherwise not admissible."

After the introduction of further evidence the judge said : "I shall rule as matter of law, that there is no evidence here of fraud, no evidence of any facts known to Jones, that were material, that were not known to Burnham at the same time ; and if known to both parties there can be no fraud."

The judge then ordered the jury to render a verdict for the plaintiffs for the full amount claimed. That verdict was for the plaintiffs, for $8,556.16; and the defendants alleged exceptions.

*A. A. Strout & G. F. Holmes*, for the defendants.

*C. P. Mattocks & E. W. Fox*, for the plaintiffs.

APPLETON, C. J.   On the 25th of August, 1874, these plaintiffs having letters patent of the United States, as assignees of Isaac Winslow, for certain improvements in Indian corn preserved green, gave the defendants, who were "desirous of manufacturing and selling the product protected by said patent," a license to manufacture the patented article in this state "during the remaining years of the life of the patent," for which they agreed to pay the royalty specified in the license, upon all corn packed by them.

They packed during the season of 1875, 33,830 dozen cans, and this suit is brought to recover the royalty due by the terms of the license, on that amount.

The main defense is, that Isaac Winslow, the plaintiffs' assignor in the letters patent, was not the original and first inventor of the patented invention claimed and described therein, and that they were wholly void.

When this license was given, the plaintiffs were the holders of letters patent issued in due form, and claimed they were valid. At that time controversies were pending for the purpose of testing their validity.   A decision of the circuit court of the United States, had been rendered sustaining the patent.   The plaintiffs claimed the right to control the manufacture of the patented article.   All these facts were fully known to the defendants, and with that knowledge they procured their license and manufactured under it, in preference to manufacturing in defiance of the patent.

An appeal was entered in the case pending in the circuit court, and upon a hearing before the supreme court of the United States, the decision in the circuit court was reversed and the plaintiffs' patent declared void, for want of novelty. *Sewall* v. *Jones,* 91 U. S.

The question presented is whether the plaintiffs under these circumstances, are entitled to recover.

The defense set up, is a want of consideration. Here was a patent. It was *prima facie* valid. It had been adjudged valid, by the circuit court of the United States. The plaintiffs had obtained an injunction for an interference with their rights. An appeal had been taken. The rights of the parties were in contestation. All this was known to both parties. Nothing was concealed. Nothing was misrepresented. The defendants were unwilling to incur the risk, attendant upon interfering with a patent already adjudged valid by a court of high authority. They bought a license and proceeded to manufacture. They have not been interfered with in their business. They have obtained all they bargained for, and have never offered to surrender their license, or said they should not manufacture. According to the weight of judicial authority, the plaintiffs are entitled to recover.

A license is not an assignment of the patent. It is simply a permission to do certain things under it. In *Lawes* v. *Purser,* 88 E. C. L. 930, which is like the case at bar, Lord Campbell says, "what then is the plea? Simply that the patent is void; and, if it could be shown that the patent was, for any reason whatever, invalid, the plea and every allegation in it would be proved. Then, there having been such an agreement as stated in the declaration, and permission to use the invention having been enjoyed under it, can it be permitted to the defendants, after such a contract and such acquiescence on their part in the plaintiff's claim, and such enjoyment by them of the invention, to say that they will not pay the stipulated price because the patent is void, and so to force the plaintiff to try his right to the patent in this action at great disadvantage. I am of opinion that the defendants, not denying that they have used the invention under the agreement, cannot set up this defense. This plea would be proved

though the plaintiff had really made a useful invention, and had taken out a patent for it, treated by every one as valid and supposed by all parties to be so, if at the time of the trial it were discovered, for the first time, that there had been some previous use of the invention or some part of it, though utterly unknown both to the plaintiff and defendants. It would be monstrous if the defendants after such an agreement acted upon could, on this ground, refuse payment. No fraud is alleged. No renunciation of the permission, warning the plaintiff that the defendants meant to claim to use the invention in their own right, is averred. I think therefore it would be contrary to all principle to hold this plea good." In *Smith* v. *Neale*, 89 E. C. L. 67, 89, Willes, J., says : "In short, the defendant in this case contracted for the plaintiff's right, such as it was, without regard to whether it could be sustained upon litigation or not; and there is nothing unreasonable or uncommon in such a bargain." In *Norton* v. *Brooks*, 7 H. & N. 499, it was held that if a patentee, in consideration of a royalty, grants to another a license to use the patent invention, and the latter uses it, he cannot plead as a defense to an action for the royalty, that the invention was not new, or that the patentee was not the first inventor. "So long as the term of the patent lasts, if the defendant chooses to work under it," remarks Pollock, C. B., "he must pay the stipulated price." To the same effect are *Hall* v. *Conder*, 89 E. C. L. 22. *Baird* v. *Neilson*, 8 Cl. & Fin. 726. *Trotman* v. *Wood*, 16 C. B. (N. S.) 479. *Taylor* v. *Hare*, 4 B. & P. 260. In *Adie* v. *Clark*, 2 Law Rep. App. cases, 423, it was held in the Vice Chancellor's court, that the licensee of a patent cannot dispute its validity.

The decisions in this country are to the same effect. In *Marsh* v. *Dodge*, 4 Hun. 278, 280, it was held that a licensee must notify the owner of the patent of his renunciation of the license, before he can repudiate his obligations under it. "Moreover," remarks Gilbert, J., "the defendants were estopped to deny that the rakes were manufactured under the plaintiff's license, so long as they retained the license itself. They were at liberty to relinquish it at any time and they were bound to do so, if they intended to deprive the plaintiff of his royalty." In *Marston* v. *Swett*, 66 N. Y. 206,

it was held that the patent being void, there was no consideration for the royalty; but upon appeal, the decision was overruled. In delivering the opinion in the court of last resort, Earl, J., says: "Here was no fraud and the defendants got all they bargained for. During the time mentioned in the complaint, they enjoyed all they could have had, if the patent had been valid." Tending to the same result, are the cases of *Johnson* v. *Willimantic Linen Co.*, 33 Conn. 436. *Wilder* v. *Adams*, 2 Woodb. & M. 331. *Kinsman* v. *Parkhurst*, 18 How. 289.

It is well settled, that a note given in consideration of a sale of a patent, or of an interest in the same, where the patent has been adjudged void for want of novelty, cannot be enforced. In that the grantor grants a monopoly of the use of the patent; but if he has none he grants nothing. In the case of a license, the licenser grants the use of what he has and nothing more, and that without warrant. In the one case he grants a right which does not exist— in the other he grants whatever right he may have, be the same more or less.

The counsel have referred us to *Saxton* v. *Dodge*, 57 Barb. 84 ; but that case may be regarded as overruled by the court of appeals in *Marston* v. *Swett*, 66 N. Y. 206, or if it be sustained, it is upon the ground of fraud and misrepresentation, and that the defendant failed to get what he bargained for.

It is objected that the question of fraud was not submitted to the jury. But there was nothing to submit. The defendants' own testimony negatives that. They knew the patent was in litigation. They wanted such right as the plaintiffs could give them, and obtained it and retained it. It is not the duty of the court to submit the question of fraud to the jury, when the defendants' testimony negatives its existence ; and when, if the jury without and against evidence had found it, it would be their imperative duty to set such verdict aside.

The defendants by their letter of 1st November, 1875, gave an account of the corn packed by them during the season of 1875. The letter assumes that the packing was all done under their license. They set up no allegation of any other packing than under the plaintiffs' patent. The claim was not made before the jury. Had

the defendants desired to raise any such issue, it should have been at the time. The verdict, as we understand it, is upon the amount returned by the defendants and to the payment of which the only objection taken is the invalidity of the patent.

*Exceptions overruled.*

DICKERSON, BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.