Schwarzenbach *vs.* Odorless Excavating Apparatus Co.

*Judgment affirmed.*

(Decided 10th March, 1886.)

---

HENRY SCHWARZENBACH *vs.* THE ODORLESS EXCA-VATING APPARATUS COMPANY OF BALTIMORE CITY.

*Voluntary payment—Letters patent—Action for Money had and received.*

Where a party with full knowledge, actual or imputed, of the facts, voluntarily, without duress, fraud or extortion, pays money upon a demand, though not enforcible against him, he cannot recover it back.

A. relying wholly on the representations of B. made without fraud, contracted to pay and did pay B. a fixed sum for the privilege of operating under a certain patent of which he was the owner. It afterwards turned out that the patent was void. HELD:

That A. could not maintain an action for money had and received, against B. to recover back the money paid under said contract.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, RITCHIE, and BRYAN, J.

*J. Wilson Leakin*, for the appellant.

It was said by Judge ALVEY, in the case of the *George's Creek Coal & Iron Co. vs. County Commissioners*, 59 *Md.*, 259, 260: "It is a well-settled principle that if a party, through some mistake, misapprehension or forgetfulness of the facts, receives money to which he is not justly and legally entitled, and which he ought not *in foro conscientiae* to retain, the law regards him as the receiver, and holder of the money for the use of the lawful owner of it, and raises an implied promise on his part to pay over the amount to such owner, and if the money be withheld from the owner, an action for money had and received may be maintained." And he cited *Kelly vs. Solari*, 9 *M. & W.*, 54; *Balto. & Susque. R. R. Co. vs. Faunce & Passmore*, 6 *Gill*, 69, 77, and *Newsome vs. Graham*, 10 *B. & Cress.*, 234.

The Court below intimates that as the means of knowledge was open to the plaintiff, he must be held to have been acquainted with the contents of the specifications. This is in plain violation of the doctrine announced in *Balto. & Susque. R. R. Co. vs. Faunce, et al.*, 6 *Gill*, 69, 77.

In *Harlow vs. Putnam*, 124 *Mass.*, 556, it is said: "The only consideration for the promise of the defendant was a right under the patent. The patent being void, the license gave no rights which the defendant had not before. * * The case is therefore within the principle repeatedly declared by this Court, that the grant of an interest in, or a right under a void patent, is not a valid consideration for a promise by the grantee." And see *Dickinson vs. Hall*, 14 *Pick.*, 220; *Hayne vs. Maltby*, 3 *Term Rep.*, 440; *Bliss, et al. vs. Negus*, 8 *Mass.*, 47.

Schwarzenbach *vs.* Odorless Excavating Apparatus Co.

*J. Alexander Preston,* for the appellee.

When the appellant agreed to pay the royalty alleged in the ninth count, the appellee was in possession of the patent rights under a decision of the Circuit Court of the United States for the District of Maryland, and continued to hold the same for some years, and until a decision of the Supreme Court of the United States declared the patent invalid, and reversed the decision of the Circuit Court. The appellant was not, however, a party to this suit, and had no connection with it.

The appellant voluntarily paid the sum of money he has sued to recover back, from a company which honestly believed it was the owner of a patent right—the validity of which had been established by a decision of the United States Circuit Court for the District of Maryland.

There was no fraud; both parties were equally innocent; and the fact that the appellant continued to pay the royalty for years, shows that he actually received the benefit of the invention.

The Courts have universally decided that under a case like this there can be no recovery of the money even where the money has been paid, and no consideration has been received for it, provided the payments were voluntarily and fairly made.

In order to give a right of action to recover money paid voluntarily, the representation upon which the money was paid must be *both* false and fraudulent, whilst in this case, the appellant is endeavoring to recover money paid as a royalty on an invention, the benefit of which he actually received. See the following authorities in regard to the recovery of money paid for the use of patent rights, subsequently declared invalid : *Taylor vs. Hare,* 1 *Bos. & Pul., New Repts.,* 260 ; *Lawes vs. Purser,* 88 *Eng. Com. Law R.,* 929 ; *Marston vs. Swett, et al.,* 66 *New York,* 206 ; *Bartlett, Adm'r vs. Holbrook, et al.,* 1 *Gray,* 114 ; *Hayne vs. Maltby,* 3 *T. R.,* 438 ; *Curtis' Law of Patents,* (4th *Ed.,*) sec. 216, *page* 245.

In regard to actions brought to recover money voluntarily paid, the following authorities are relied on: *Lester vs. The Mayor, &c.*, 29 *Md.*, 415; *Potomac Coal Co. vs. The Cumb. & Pa. Railroad Co.*, 38 *Md.*, 226; *Mayor and City Council vs. Lefferman*, 4 *Gill*, 431; *Mayor, &c. of Balto. vs. Morris*, 5 *Gill*, 248.

RITCHIE, J., delivered the opinion of the Court.

This is an action for money had and received. The plaintiff having withdrawn all the counts of his declaration but the ninth, the defendant demurred, and the demurrer being sustained, the plaintiff appealed.

The cause of action is, in substance, that the defendant being possessed of a patent, originally issued to Henry C. Bull and another person, in 1871, for the cleaning of privies, and of a patent re-issued in 1876, claiming to contain combinations omitted by mistake in said original patent of 1871, although embraced in the specifications filed therefor, and which letters patent and specifications were recorded in the office of the Commissioner of Patents in Washington; the plaintiff relying wholly on the representations of the defendant, that the re-issued patent was valid and did contain only matters contained in the said original specifications, and being wholly ignorant of the contents of the said letters patent and specifications, did agree with defendant to pay it the sum of twenty-five cents for every load of excrement excavated by the machine he then used, which was constructed under patents issued to Scarf and Frazier in 1875, and did pay defendant the sum of six hundred and seventy-nine dollars and thirty-three cents; but that the said re-issued patent of defendant was wholly void by reason of containing improvements not in the specifications of the letters patent of 1871, and made for the purpose of covering improvements which had been patented to Scarf and Frazier; whereby the consideration of the contract wholly

failed, to the great loss and injury of the plaintiff, who had demanded repayment of the sum aforementioned but which the defendant had refused to make.

It is not alleged that the representations of defendant were made with fraudulent intent, or that it did not correctly state the actual contents of the patents and specifications; the misrepresentations complained of, were therefore virtually of the legal effect of the papers, or in other words, were of the purport that the re-issued patent was valid as against those of Scarf and Frazier, and that the latter infringed the former; which infringement is denied in the *narr.*

Whilst this denial or averment of the *narr.* is to be taken as true in passing upon the demurer; it is shown to be so in fact from the case of Clements against this defendant in 109 *U. S.* 641, to which we were referred by both sides in the argument. From this case, decided in January, 1884, it appears that the defendant had obtained below in the United States Circuit Court a decree for injunction and damages against Clements on the ground that its re-issued patent, in question in the present case, had been infringed by him in operating under the Scarf and Frazier patents; but which decree was reversed on appeal by the Supreme Court.

From a fair construction of the *narr.* with which that case is consistent, the real question here presented is, whether where money has been paid to the owner of a patent for operating under it who has without fraud represented it to be valid and it turns out to be void, the purchaser can recover it back.

We see nothing in the facts alleged, to take this case out of the general principle, that where a party with full knowledge, actual or imputed, of the facts, there being no duress, fraud or extortion, voluntarily pays money upon a demand, though not enforcible against him, he cannot recover it back. There are a number of cases in which this

Court has applied this general principle. Several of these may be here cited: *Lester vs. Mayor, &c.*, 29 *Md.*, 415, is a case where the plaintiff had paid taxes decided afterwards to have been illegally assessed. *Potomac Coal Co. vs. Cumb. & Penn. R. R. Co.*, 38 *Md.*, 226. There the effort was to recover back freights paid in excess of proper rates. In the case of *Mayor, &c. vs. Lefferman*, 4 *Gill*, 431, where Lefferman had erected a wall upon his property binding on Jones' Falls, pursuant to a notice from the city authorities, and afterwards brought suit to recover the amount expended, on the ground that the Act of Assembly, under authority of which the Mayor and Council had acted, was unconstitutional and void, the same rule was applied.

Moreover it has been held in several well considered cases in England and in this country, and seems to be the accepted doctrine, that in a contract for the purchase of a privilege under letters patent, the seller at the time of purchase supposing his patent to be valid, its being pronounced afterwards by a legal tribunal not to be so, will not operate a failure of consideration. And *Curtis' Law of Patents, 4th Ed., sec.* 216, states that it has been held that a licensee who has paid an annuity in consideration of a license to use a patent privilege which he has had the benefit of, cannot recover back the money upon the ground of the invalidity of the patent in an action for money had and received. The case of *Taylor vs. Hare*, 1 *Bos. & Puller, New Rep.*, 260, fully sustains the text.

In the case of *Lawes vs. Purser*, 6 *Ellis and Black.*, (88 *E. C. L. R.*, 929,) the action brought was for a sum agreed to be paid to the plaintiff for each ton of an article manufactured and sold by the defendants, by the permission of the plaintiff to them, given at their request, the plaintiff having letters patent for the sole manufacture and sale of that article. The plea set up was that the letters patent were void, and the defendants had a right to make and

sell the article without plaintiff's permission. On demurrer this plea was held bad. See also *Marston vs. Scott*, 66 *N. Y.*, 533; *Bartlett vs. Holbrook*, 1 *Gray*, 44.

The Court below, being, in our opinion, clearly right in ruling the defendant's demurrer good, its judgment must be affirmed.

*Judgment affirmed.*

(Decided 10th March, 1886.)