## BROWN *v.* LAPHAM and another.[1]

(*Circuit Court, S. D. New York.* April 1, 1886.)

1. PATENTS FOR INVENTIONS—LICENSE—ESTOPPEL.

    A licensee under a patent is estopped to deny its validity on any question arising out of that relation between the parties. (*Kinsman* v. *Parkhurst,* 18 How. 289,) but it does not follow that he will be always estopped because he has stood in that relation.

2. SAME—WHEN LICENSEE MAY CHALLENGE VALIDITY OF PATENT.

    When a licensee under a patent stands out from under the license, and claims nothing from it, and does nothing more under it, with full knowledge to the licensor of his position, he is at as full liberty to contest the patent as any one.

3. SAME—WHEN INFRINGEMENT BY LICENSEE WILL BE ENJOINED.

    Taking and operating under a license is sufficient evidence of acquiescence to warrant an injunction without any previous adjudication, if the patent is unchallenged.

In Equity.

*B. F. Clark,* for plaintiff.

*Samuel Greenbaum,* for defendants.

WHEELER, J. The defendants appear to have been licensees of the plaintiff under his patent No. 264,854, dated September 26, 1882, for an improvement in stylographic pens, and afterwards to have repudiated the license and continued their infringement in defiance of the patent. The plaintiff has moved for a preliminary injunction. On this motion the defendants have filed affidavits tending to show that a manufacturer for the plaintiff of another style of pen, and his own workmen, devised this improvement for the plaintiff, and that they were the inventors of it, although the plaintiff got the patent for it. The plaintiff relies upon the estoppel of the defendants to deny the validity of the patent growing out of the license and the operating under it by them. There is no fair question but that a licensee under a patent is estopped to deny its validity on any question arising out of that relation between the parties. *Kinsman* v. *Parkhurst,* 18 How. 289. It does not follow that he will be always estopped because he has stood in that relation. When he stands out from under the license, and claims nothing from it, and does nothing more under it, with full knowledge to the licensor of his position, he would appear to be at as full liberty to contest the patent as any one. In this case, taking and operating under the license would appear to be sufficient evidence of acquiescence to warrant this injunction without any previous adjudication, if the patent was unchallenged. As it is, the plaintiff must stand upon the validity of his patent, and maintain it against this attack. On cross-examination of these witnesses, and the whole evidence when put in, this attack may not amount to any-

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

thing decisive. As it is, upon this question as submitted, the affidavits raise sufficient doubts about the patent to stand in the way of granting this motion now. Motion denied.