THOMSON SPOT WELDER CO. *v.* OLDBERG MANFG. CO.

1. PATENTS—CONTRACTS—ROYALTIES DUE—INVALIDITY OF PATENT NO DEFENSE.

In an action for money due under a contract licensing defendant to use a patent, a verdict for plaintiff was properly directed for the amount due at the time of the commencement of the action, where defendant in the contract expressly acknowledged the validity of the patent, although subsequent thereto the Federal court declared it void.[1]

2. APPEAL AND ERROR—LOSER IN LAW CASE NOT ENTITLED TO REMAND TO EQUITY EXCEPT IN EXCEPTIONAL CASE.

It must be an exceptional case, involving unquestioned equities, to lead the Supreme Court, after full review at law, to affirm a judgment and then grant the loser a chance to interpose another defense in equity.[2]

Error to Wayne; Murphy (Alfred J.), J. Submitted January 15, 1926. (Docket No. 25.) Decided March 20, 1926.

Assumpsit by the Thomson Spot Welder Company against the Oldberg Manufacturing Company for a balance due on a royalty contract. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Edmund M. Sloman* (*Everitt H. Wells,* of counsel), for appellant.

*Stevenson, Butzel, Eaman & Long* (*Rockwell T. Gust,* of counsel), for appellee.

WIEST, J. October 5, 1915, the United States circuit court of appeals, first circuit, in a suit in equity,

---

[1] Patents, 30 Cyc. pp. 963, 964; [2] Appeal and Error, 4 C. J. § 3154.
Validity and effect of agreement to pay royalties on device not in fact covered by a patent but assumed to be so covered, see note in 14 L. R. A. (N. S.) 274.

for infringement of letters patent, No. 1,046,066, known as the Harmatta patent, held the patent valid. *Thomson Electric Welding Co.* v. *Barney & Berry*, 227 Fed. 428.    January 30, 1917, plaintiff, owner of the patent, by written contract licensed defendant to operate spot and point welding machines under the patent, and defendant agreed to pay specified royalties quarterly.    July 13, 1920, this suit was commenced to recover the royalties due up to that date.    Defendant, under plea of the general issue, gave notice that the patent was invalid, and, therefore, the consideration for its undertaking to pay royalties had failed.

October 5, 1920, the district court of the United States, eastern district of Michigan, in a suit in equity for infringement, held the patent void for anticipation in the prior art and lack of invention.    *Thomson Spot Welder Co.* v. *Ford Motor Co.*, 268 Fed. 836.    That decision was affirmed, June 28, 1922, by the circuit court of appeals, sixth circuit.    *Thomson Spot Welder Co.* v. *Ford Motor Co.*, 281 Fed. 680.    This conflict of decisions in the first and sixth circuits was reviewed on certiorari in the Supreme Court of the United States. And, June 2, 1924, that court held the patent void for want of patentable invention, affirming the decision in the sixth circuit.    *Thomson Spot Welder Co.* v. *Ford Motor Co.*, 265 U. S. 445 (44 Sup. Ct. 533).

The suit at bar being for royalties due before decision by the Supreme Court of the United States, may defendant defeat the action on the ground of failure of consideration?    The question is not new.    It has repeatedly been decided adversely to defendant's contention.    We note the fact that at the date of the contract the patent had been held valid in the first circuit and defendant in the license contract expressly acknowledged the validity of the patent for "its remaining term," and, therefore, reasons existed for a license contract.    While such matters do not govern

the rule of law to be applied, they are properly noticeable.   At any time previous to the decision of the Supreme Court of the United States defendant would have repudiated the license contract with some degree of hazard.   In a suit for royalties under a license contract the licensee cannot set up the invalidity of the patent as a defense.   In 30 Cyc. p. 952, the rule is stated as follows with reference to an assignment of a patent:

"In the absence of fraud or warranty the assignee of a patent right cannot refuse to make the payments agreed upon merely because the patent is found to be invalid."

In *Havana Press Drill Co.* v. *Ashurst,* 148 Ill. 115, 139 (35 N. E. 873), it was held:

"The licensee, in a suit to recover the royalties agreed to be paid, will not be permitted to contest the validity of the patent.   There is no warrant of such validity implied in a license given thereunder, and proof of its invalidity is no defense to a suit for the promised royalties.   *Birdsall* v. *Perego,* 5 Blatch. (U. S.) 251; *Pope Manfg. Co.* v. *Owsley,* 27 Fed. 100; *Bartlett* v. *Holbrook,* 1 Gray (Mass.), 119."

*Jones* v. *Burnham,* 67 Me. 93 (24 Am. Rep. 10), was very much like this case.   We quote from the opinion:

"When this license was given, the plaintiffs were holders of letters patent issued in due form, and claimed they were valid.   At that time controversies were pending for the purpose of testing their validity. A decision of the circuit court of the United States had been rendered sustaining the patent.   The plaintiffs claimed the right to control the manufacture of the patented article.   All these facts were fully known to the defendants, and with that knowledge they procured their license and manufactured under it, in preference to manufacturing in defiance of the patent.

"An appeal was entered in the case pending in the

circuit court, and upon a hearing before the Supreme Court of the United States, the decision in the circuit court was reversed and the plaintiffs' patent declared void, for want of novelty. *Sewall* v. *Jones,* 91 U. S. 171.

"The question presented is whether the plaintiffs, under these circumstances, are entitled to recover?

"The defense set up is a want of consideration. Here was a patent. It was *prima facie* valid. It had been adjudged valid by the circuit court of the United States. * * * The defendants were unwilling to incur the risk attendant upon interfering with a patent already adjudged valid by a court of high authority. * * * According to the weight of judicial authority, the plaintiffs are entitled to recover."

In *Clark* v. *Amoskeag Manfg. Co.,* 62 N. H. 612, the action was to recover royalties under a license contract. Held, with citation of authorities: ·

"Evidence of the invalidity of the patent was properly rejected."

We quote from the syllabus of *Marsh* v. *Harris Manfg. Co.,* 63 Wis. 276 (22 N. W. 516) :

"One who, under a license from the patentee, has had the undisturbed use and enjoyment of an apparently valid patent, is liable for royalties agreed to be paid, and in an action therefor is estopped to set up as a defense the actual invalidity of the patent; and especially is this so where, in the license or agreement under which he used the patent, he admitted its validity and agreed not to dispute the same in any action."

See, also, *Marston* v. *Swett,* 82 N. Y. 526; *Marston* v. *Swett,* 66 N. Y. 206 (23 Am. Rep. 43) ; *Schwarzenbach* v. *Odorless Excavating Apparatus Co.,* 65 Md. 34 (57 Am. Rep. 301) ; *Strong* v. *Carver Cotton Gin Co.,* 197 Mass. 53 (83 N. E. 328, 14 L. R. A. [N. S.] 274, 14 Ann. Cas. 1182).

No legal defense was interposed. The license con-

tract, being valid, fixed the liability of defendant, and there was no error in rendering judgment for the amount due under the terms of the contract up to the time of suit.    We express no opinion upon rights of the parties with reference to royalties after the patent was held invalid by the Supreme Court of the United States.

Defendant asks to have the case remanded to the equity side of the court, if the holding here is adverse to it, in order that it may aver fraud in the inception of the contract.    In defending at law and prosecuting review here defendant has hazarded something more than merely being remanded to equity.    It must be an exceptional case, involving unquestioned equities, to lead us, after full review at law, to affirm a judgment and then grant the loser a chance to interpose another defense in equity.    We find no occasion to do so in this instance.    This disposition of the case renders it unnecessary to decide plaintiff's motion to strike the bill of exceptions from the record and files.

The judgment is affirmed, with costs to plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.