18030.   THOMSON SPOT WELDER CO. *v.* FAIRBANKS CO.

STEPHENS, J.  1.  Where an agreement, executed after a representation made by the party of the first part to the party of the second part that the former has acquired, owns, and controls certain patent rights referred to in the agreement, provides that the party of the first part licenses to the party of the second part all right of the party of the first part in and to a certain patent right described as a "Harmatta Patent, . . the validity of which for its remaining term is hereby acknowledged" by the licensee, the party of the second part, and all other patents for a certain process, the royalty thereon being payable in a certain sum per quarter for an indefinite term, which is terminable upon three months notice by the licensee, and further provides that the party of the first part, the licensor, waives all claims of it and other companies for an infringement by the party of the second part of all rights of the party of the first part, the licensor, in the patents described, the agreement constitutes not only an agreement by the party of the second part to pay royalties under the patent to the party of the first part, but constitutes an accord and satisfaction of the claim by the party of the first part against the party of the second part for an infringement by the latter of the former's patent rights.

2. In a suit by the party of the first part against the party of the second part, to recover royalties thereon, it is no defense thereto that by the judgment of a court of competent jurisdiction (namely, the district court of the United States for the eastern district of Michigan), affirmed by the United States Circuit Court of Appeals and by the Supreme Court of the United States, in a suit by the plaintiff against another, the patents referred to in the contract had been declared void. See, in this connection, Thomson Spot Welder Co. *v.* Oldberg Mfg. Co., 234 Mich. 317 (207 N. W. 828) ; Patterson's Appeal, 99 Pa. 521; Brown *v.* Lapham, 27 Fed. 77; Ball & Socket Fastener Co. *v.* Ball Glove Fastening Co., 58 Fed. 818 (7 C. C. A. 498) ; Jones *v.* Burnham, 67 Me. 93 (24 Am. R. 10; Marston *v.* Swett, 66 N. Y. 206 (23 Am. R. 431) ; Ross *v.* Fuller & Warren Co., 105 Fed. 510.

Appeal and Error, 4 C. J. p. 1164, n. 31.
Patents, 30 Cyc. p. 956, n. 77; p. 966, n. 64.

3. The judge of the trial court, in passing upon questions of law and fact under the agreed statement of facts, erred in rendering judgment for the defendant. *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 1, 1928.

Complaint; from Floyd superior court—Judge Maddox. January 29, 1927.

*Willingham, Wright & Covington, Lyne, Woodworth & Evarts,* for plaintiff.

*Maddox, Matthews & Owens,* for defendant.