THOMSON SPOT WELDER CO. *v.* OLDBERG MANFG. CO.

1. JUDGMENT—RES JUDICATA—PATENTS—ROYALTIES DUE.

> In action for royalties accruing subsequent to former decision of Supreme Court holding defendant liable for royalties due at that time under contract for use of patented machines, plaintiff's claim that former judgment is *res judicata* of all defenses is not tenable as to defendant's claim that by subsequent judgment of United States Supreme Court holding said patent invalid it has been evicted from its contract, since said issue was not involved in former decision.

2. PATENTS—CONTRACTS—CONSIDERATION—EVICTION BY COURT DECISION.

> When licensee is actually evicted from his contract use of patent by decision of court of its invalidity, contract falls as to liability for further royalties, through failure of consideration.

3. SAME—CONFLICT OF JUDICIAL DECREES—CONSIDERATION.

> Where one United States circuit court of appeals held patent valid, and another circuit court of appeals held it invalid, hazard of use without license remained until final decision of conflict by United States Supreme Court, and therefore there was continuing consideration for contract licensing its use until said final decision determining its invalidity.

4. SAME—CONTRACTS FOR USE—NOTICE OF TERMINATION.

> Where contract licensing use of patented machines provided for termination by notice, discontinuance of use, and agreement not to use them thereafter without further license, plea in former case that contract was void as without consideration did not have effect of notice of termination.

5. DAMAGES—INTEREST RECOVERABLE ALTHOUGH EXCEEDING AD DAMNUM CLAUSE—AMENDMENT.

> Where, through delay in bringing case to trial, amount due with interest exceeded *ad damnum* clause of declaration, plaintiff is entitled to recover interest to date as matter of right, although amendment of said clause was properly denied because of said delay.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted October 30, 1931. (Docket No. 16, Calendar No. 35,832.) Decided January 4, 1932. Rehearing denied April 4, 1932.

Assumpsit by Thomson Spot Welder Company, a Massachusetts corporation, against Oldberg Manufacturing Company for royalties for use of a patented machine. Judgment for plaintiff. Both parties appeal. Affirmed as to liability; remanded for entry of judgment.

*Stevenson, Butzel, Eaman & Long* (*Leo W. Kuhn,* of counsel), for plaintiff.

*Edmund M. Sloman* (*Arthur H. Ratner,* of counsel), for defendant.

FEAD, J. This is an action to recover royalties for the use of patented machines, accruing after a former judgment, affirmed by this court in 234 Mich. 317.

The contract was made in 1917. The patent had been declared valid by the United States circuit court of appeals, first circuit, in 1915. It was held invalid by the United States district court, eastern district of Michigan, October 5, 1920, affirmed by the circuit court of appeals, sixth circuit, June 28, 1922, and by the Supreme Court of the United States, June 2, 1924, in the suit of this plaintiff v. *Ford Motor Co.,* 265 U. S. 445 (44 Sup. Ct. 533). The Supreme Court took jurisdiction because of the conflict between the circuit courts of appeal and its opinion was substantially a review of both decisions. In the present suit, royalties are claimed to the time of decision of the circuit court of appeals, sixth circuit.

Plaintiff relied on the former judgment of this court as *res judicata* of all defenses. The contention is plainly untenable as to defendant's claim of eviction by judgment of court. The former case involved royalties accruing before the decision of the district court. The effect of its decree, therefore, on subsequent royalties was not in issue.

When a licensee is actually evicted from his contract use of a patent by decision of court of its invalidity, the contract falls as to liability for further royalties, through failure of consideration. But there must be something corresponding to actual eviction. *McKay* v. *Smith,* 39 Fed. 556; *Victory Bottle Capping Mach. Co.* v. *O. & J. Mach. Co.* (C. C. A.), 280 Fed. 753; *Barber Asphalt Pav. Co.* v. *Headley Good Roads Co.,* 284 Fed. 177; *Marston* v. *Swett,* 66 N. Y. 206 (23 Am. Rep. 43), 82 N. Y. 526.

In *Ross* v. *Fuller & Warren Co.,* 105 Fed. 510, relied on by defendant, there was no conflict of judicial decision, the contract was for exclusive use within stated territory, and it was held that the practical result of the decision of the circuit court, later affirmed by the circuit court of appeals, was to destroy the exclusive right and constitute an eviction.

At bar, the contract was for use, not exclusive use, and was not restricted territorially. The decision of the district court *ipso facto* destroyed nothing of such right of use. Because of the conflict of judicial decrees, a hazard of use without license remained which furnished a continuing consideration for the contract, at least until the conflict had been resolved by the court of last resort.

There are other grounds for sustaining the judgment, but as counsel did not brief them they will not be discussed other than to suggest that counsel seem

to have overlooked *Thomson Spot Welder Co.* v. *Fairbanks Co.*, 37 Ga. App. 774 (141 S. E. 923), involving this plaintiff, an identical contract, and the Federal decrees at bar, in which liability was sustained.

The contract provided termination of the license upon three months' notice in writing, the discontinuance of use of the machines, and an agreement not to use them thereafter without further license. Defendant contends that its plea in the former case, that the contract was void as without consideration, had the effect of notice of termination. The plea did not contain the agreements necessary to termination. If defendant desired to terminate under the contract, it was required to fulfil the contract conditions thereof.

Plaintiff took cross-appeal as to the amount of judgment. Through delay in bringing the case to trial the amount due with interest to date was found to exceed the *ad damnum* clause of declaration. Amendment of the clause was properly denied because of the delay, but plaintiff has the relief as a matter of right. He did not call to the attention of the trial court nor of this court the case of *Hollingsworth* v. *Liberty Life Ins. Co.*, 241 Mich. 675.

The judgment will be affirmed as to liability of defendant, but reversed as to amount, and remanded for entry of new judgment for the royalties, with interest to date of entry, with costs to plaintiff.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.