## Hardwick *v.* Galbraith, Appellant.

147  333
167  536

*Patent—Contract—Estoppel of licensees.*

Where the owner of a patent and a licensee agree that in case the patent shall be declared invalid by any court of competent jurisdiction, the payment of the license fee shall thereupon cease, it is incompetent for the licensee to allege the invalidity of the patent before it is so judicially declared.

*It seems* that a licensee of a patent cannot question its validity during the continuance of the license.

*License—Monopoly—Consideration.*

A mere license to use a patent confers upon the licensee no monopoly, and he cannot set up as a defence to an action for royalties that the consideration had failed by reason of the invalidity of the patent, in consequence of which the invention was used by other manufacturers.

Argued Jan. 21, 1892.    Appeal, No. 2, July T., 1891, by defendant, James Galbraith et al., from order of C. P. No. 1, Phila. Co., March T., 1891, No. 196, in favor of plaintiff, Harry Hardwick, making absolute a rule for judgment for want of a sufficient affidavit of defence.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover royalties from the licensee of a patent. The agreement of license contained inter alia the following clause :

"1. The party of the first part hereby licenses and empowers the party of the second part to manufacture, subject to the conditions hereinafter named, at the factory of the said party of the second part, in Philadelphia, and in no other place

or places, to the end of the term for which said Letters Patent, numbered 352,135, and dated the 23d day of November, 1886, were granted, and to the end of the term for which said Letters Patent, numbered 359,862, and dated the 22d day of March, 1887, were granted, Ingrain Carpet Fabric containing the patented improvement and according to the patented mode, and to sell the same within the United States."

The other essential clause of the agreement is quoted in the opinion of the Supreme Court.

The defendants filed an affidavit of defence in which they averred "that they were induced to sign the agreement, by the representation of the plaintiff, that the patents described in said agreement were valid patents and would give to the licensees of the patents a monopoly of the manufacture of carpets in accordance therewith. The whole consideration for the execution by defendants of the said agreement was the said supposed monopoly. The representation of the plaintiff as to the validity of his patents was not true, as defendant is informed, believes and expects to be able to prove, and the whole consideration wholly failed. So far from having a monopoly which he could give to the licensees, the plaintiff, as defendant is informed, believes and expects to be able to prove, had no right which he could grant, as the said patents were, as defendant is informed, believes and expects to be able to prove, invalid and did not cover or include any patentable invention. Defendants not only did not receive any valuable right in law, but they did not receive any valuable right in fact, as others, who were not licensees of the plaintiff, continued to make carpets in accordance with said letters patent, and sold them in competition with defendants.

" Defendants are informed, believe and expect to be able to prove that plaintiff filed a bill in equity against one of the parties so manufacturing such carpets without a license, but after taking the proofs he practically abandoned the case, and has not for over a year made any attempt to prosecute it, and does not intend to carry it on."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was the order for judgment.

*Frank P. Prichard, John G. Johnson* with him, for appellants.—State courts have jurisdiction: Slemmer's Ap., 58 Pa. 155; Hubbard v. Allen, 123 Pa. 198.

A failure of consideration, by reason of the invalidity of the patent, is a good defence: Bellas v. Hays, 5 S. & R. 427; Geiger v. Cook, 3 W. & S. 266.

In an action on a mere license, the averments that the patent was invalid, and that defendant did not receive any benefit therefrom, are equivalent to the averment of invalidity in an action for the price of a patent: White v. Lee, 14 Fed. R. 789; Harlow v. Putnam, 124 Mass. 553; Saxton ·v. Dodge, 57 Barb. 84; Jenkins v. Abbott, 54 N. H. 447; Angier v. Eaton, 98 Pa. 594.

The licensee is estopped from denying the invalidity of the patent only where he is obtaining the benefit of such apparent right: Patterson's Appeal, 99 Pa. 521, and cases cited above.

*George Harding, George J. Harding* with him, for appellee, cited Marston v. Swett, 66 N. Y. 206; Buss v. Putney, 38 N. H. 44; McKay v. Smith, 39 Fed. Rep. 556; Waterman v. MacKenzie, 138 U. S. 252; Pope Mfg. Co. v. Owsley, 27 Fed. Rep. 105.

PER CURIAM, February 1, 1892.

The learned judge of the court below held the affidavit of defence insufficient, in which we think he was clearly right. The averment that the plaintiff's patent was invalid, and conferred no valuable right upon the defendant, as his licensee, is without force. There are many respectable authorities which hold that a licensee under a patent cannot in any way question its validity during the continuance of the license. We need not discuss these authorities, however, as the parties to the agreement of license evidently contemplated the possibility that the patent might be declared invalid in the future. This appears by the 6th paragraph of the agreement, which provides that " the party of the second part agrees to pay the said license fee or royalty, as hereinbefore provided for, during the term of the said letters patent, numbered 353,135, and dated November 23, 1886, or the term of the said letters patent, numbered 359,862, and dated March 22, 1887; it being understood, however, that

in case the said patents shall both be declared invalid by any court of competent jurisdiction, the payment of the said license fee or royalty shall thereupon cease." From this it is plain that the payment of the royalty was to continue until the patent had been declared invalid by competent authority.

Nor is there any more force in the averment that the defendants expected a monopoly and were disappointed. The agreement which they signed did not grant them a monopoly, and they must have so understood it, if they had common sense, and that is to be presumed. It was a mere license to use plaintiff's process in their own mill. The plaintiff had the right to grant a similar license to every other carpet mill in the country, and its exercise could do the defendants no injury of which they could justly complain. They received just what they bargained for, and no sufficient reason appears why they should not pay the plaintiff what they agreed to pay him.

Judgment affirmed.