# Edison General Electric Company and George Maitland *v.* Thackara Manufacturing Company, Appellant.

*Patents—License—Failure of consideration.*

Where a patent is apparently valid, and the licensee is enjoying the benefit of its supposed validity, he is bound to pay the stipulated royalty, and cannot set up as a defense the actual invalidity of the patent; but when, in addition to the invalidity of the patent by reason of a prior outstanding patent, it is shown that the owner of the prior patent is asserting his exclusive rights thereunder by supplying the market with the patented article, and the licensee under the invalid patent is deprived of the monopoly for which he contracted, and in consideration of which he agreed to pay the royalty, he may defend on the ground of actual failure of consideration.

Where the monopoly is not exclusive in the licensee, but is to be enjoyed with others, who also pay royalty, the difference is one of degree only, not of principle.

In an action to recover royalties under a license, where the license agreement provides that the royalty shall be three per cent of the selling price of the article, and the plaintiff is permitted to enter judgment for a sum four times in excess of the amount stipulated in the agreement, there being nothing on the record to explain how the amount was reached, the judgment will be reversed by the Supreme Court.

*Procedure—Act of May* 25, 1887, *P. L.* 271.

The procedure act of May 25, 1887, P. L. 271, substituted " a concise statement of the plaintiff's demand " for a common law declaration, and where the rule of the court requires the statement to be sworn to and, where damages are capable of liquidation, to contain " an explicit averment of the amount claimed to be justly due," these matters cease to be merely formal and become substantial with a resulting necessity to follow the truth of the actual facts.

Argued Jan. 24, 1895. Appeal, No. 189, July T., 1894, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1893, No. 686, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit for royalties on a patent.

From the record it appeared that the suit was brought to recover royalties claimed to be due under a license for the manufacture of certain electric light fixtures and other apparatus covered by certain letters patent of the United States specified in the license. The license agreement provided that the defendant should pay to the plaintiffs a royalty of three per cent upon the net wholesale selling price of the fixtures manufactured and sold or imported and sold by the defendant. Plaintiffs averred that defendant failed to pay the royalty due under the agreement on the 1st day of October, 1891, or thereafter, and that the wholesale selling price of the fixtures made and sold and imported by defendant during each of the seven quarters, from Oct. 1, 1891, to the bringing of the suit, amounts to $4,000 and upwards, and therefore claimed to recover the sum of $571.43 in each quarter.

The affidavit of defense averred that royalties were paid up to the 1st of April, 1892; and this was afterwards admitted. It denied that defendant had, since the 1st of April, A. D. 1892, manufactured any apparatus which was covered by any of the letters patent specified in the license, except those covered by two letters patent, Nos. 259,235 and 294,697, the device covered thereby consisting simply of running the wires for electric lamps between the gas pipe and the shell of the gas fixtures, and averred that it had repudiated the license and abandoned the same, and refused to pay the royalties specified therein,

and had not, since said 1st of April, 1892, manufactured these electric-light fixtures under said license, but in hostility thereto; and further averred that the patents in question were void and invalid for reasons therein specified.

The affidavit further averred that in any event the defendant was not liable for the sum of $571.43 per quarter, claimed in the statement, as appeared by the face thereof.

And lastly it averred that at the time the agreement of license was made, the defendant, with others, were members of an association known as the Gas and Electric Fixtures Association, and that part of the object, purpose, and intent of the formation of said association was that licenses similar to the one sued on should be granted to all the members thereof, but to no others. That the plaintiffs well knew this fact and agreed thereto, and as an inducement to signing and execution of the license here sued on made at the time, the plaintiffs agreed and undertook verbally that they would and should prevent all others, save licensed members of said association, from making, selling, or using fixtures covered by said letters patent; and, relying thereon and in consideration thereof, the license was signed by the defendant; and the affidavit then avers that the said plaintiffs had not prevented others, not licensees or members of said association, from making, selling, and using said fixtures, covered by said letters patent, but, on the contrary, the same had been made, sold, and used by others in like business with defendant, not licensees or members of said association, naming ten such persons, and averring that thereby the defendant was unable to compete in its business with those selling the same fixtures without the payment of royalty, and the association had become disorganized and ceased to exist, and therefore the consideration for said license had failed.

This defense the court below judged insufficient, and entered judgment against the defendant, against whom damages were assessed at $2,582.85.

*Error assigned* was making absolute a rule for judgment.

*H. B. Gill, John R. Read* and *Silas W. Pettit* with him, for appellant.—Where a licensee is enjoying the benefit of the supposed validity of a patent he is estopped from denying the same

in an action for royalties due under the license, but it is not the law that under all circumstances the licensee, by merely becoming such, is bound to admit such validity and pay the royalties. If he is not enjoying the supposed validity of the letters patent, and has not covenanted not to contest it, he cannot be compelled to pay the license fee. He may repudiate, and, after notice to the licensor, manufacture in hostility to the patent and deny its validity : Hayne v. Maltby, 3 Term Rep. 438; Marston v. Swett, 82 N. Y. 526; Lawes v. Purser, 6 El. & Bl. 930; White v. Lee, 3 Fed. Rep. 224; Mudgett v. Thomas, 55 Fed. Rep. 645; Moody v. Taber, 1 Holmes, 325; Cohn v. Nat. Rubber Co., 15 Off. Gaz. 829; Brown v. Lapham, 27 Fed. Rep. 77 ; Sherman v. Transportation Co., 31 Vt. 162; Angier v. Eaton, 98 Pa. 594.

The statement of claim averred that the net wholesale selling price of the goods made and sold or imported and sold by the defendant was $4,000 and upwards, and inasmuch as defendant was only to pay three per cent upon the net wholesale selling price, the amount due upon this statement was but $120 per quarter. How the plaintiffs calculated $571.43 as being due for the sale of $4,000 worth of goods is not clear. The defendant avers it did not owe $571.43, and yet judgment is entered against it for that amount per quarter, which is much more than is in truth and in fact due, even if the plaintiffs are entitled to recover.

It is a sufficient affidavit of defense to a written instrument to allege that the instrument sued upon was executed upon the express understanding that the plaintiff was to compel all persons using his patented process to pay the same rate fixed in the agreement for the defendant, but that plaintiff had violated this understanding, and further, that it was agreed that plaintiff would establish the validity of his patent by litigation, otherwise the instrument sued upon was to be void, and that plaintiff had failed to do this: Hardwick v. Pollock, 51 Leg. Int. 94.

No argument was made or paper-book filed for appellee.

OPINION BY MR. JUSTICE MITCHELL, April 29, 1895:

The plaintiffs' case comes before us in an exceedingly un-

favorable light, from the apparent recklessness with which facts are sworn to which they should have known to be untrue. Plaintiffs in their statement " aver that there is justly due to them by defendants the sums of $571.43 with interest from October 1, 1891 ; $571.43 with interest from January 1, 1892 ; $571.43 with interest from April 1, 1892," and four other similar quarterly sums with interest from later dates, and this statement is sworn to. The affidavit of defense avers explicitly that the defendant " has paid plaintiffs in full by check which was duly paid, for all royalties due up to the first day of April, 1892, *and has plaintiffs' receipt therefor* " and plaintiffs have apparently conceded the truth of this defense by taking judgment for the later sums only. Such looseness is not to be commended. When the procedure act of May 25, 1887, P. L. 271, substituted " a concise statement of the plaintiff's demand " for a common law declaration, and the rule of the court below required the statement to be sworn to, and, where damages are capable of liquidation, to contain " an explicit averment of the amount claimed to be justly due," these matters ceased to be merely formal and became substantial with a resulting necessity to follow the truth of the actual facts.

This judgment must be reversed for the variance between the averment and the assessment of damages. The statement sets out that there is due under the agreement sued on " three per centum of the net wholesale selling price of the fixtures, etc., manufactured and sold by defendants," etc., and that plaintiffs are " unable to state the exact amount of royalties due . . . . but believe that the net wholesale selling price . . . . of the devices covered by the patents made and sold during each of these seven periods, amounts to $4,000 and upwards, and plaintiffs therefore claim to recover on this account the sum of $571.43 with interest " from each of the seven quarterly periods named." The amount claimed is certainly not three per cent of the alleged selling price, but more than four times that much, and the principle upon which such result was reached nowhere appears. But plaintiffs upon the rule being made absolute for judgment, abandoning as already said the first three items of their claim, assessed the damages on the other four at the full sums claimed with interest. There is nothing on the record to sustain such an assessment.

Coming now to the substantial matters of defense to the whole claim, the affidavit avers that defendant has paid all royalties due up to April 1, 1892, and has not since that date incurred any liability for royalties or manufactured any of the articles named in the agreement except electric light fixtures claimed to be covered by patents Nos. 259,235 and 294,697, and as to these that the said patents are wholly void and invalid, and defendant has refused to pay royalty, repudiated the license, and manufactured in hostility thereto. And further that there has been a failure of consideration, in that the agreement was made on the inducement at the time of signing that plaintiffs would prevent all other parties not members of the Gas and Electric Fixtures Association (of which defendant covenanted that it was and should continue a member) from manufacturing or selling the articles named and that plaintiffs have not done so, but that said articles are made and sold by other parties named, not members of the said association and not paying royalty, and thereby defendant has been unable to compete in its business with such others selling without the payment of royalty. The merits of such a defense by a licensee have been settled by this court in Angier v. Eaton, Cole & Burnham Co., 98 Pa. 594, where it was said by the present chief justice, " the right was in the nature of a monopoly and so long as it was enjoyed the defendant was bound to pay the consideration therefor; but when by reason of something beyond the company's control it was deprived of that exclusive right, in other words when the consideration failed, why should it be compelled to pay? . . . . The recognized principle applicable to such licenses is that while the patent is apparently valid, and the licensee is enjoying the benefit of its supposed validity, he is bound to pay the stipulated royalty, and cannot set up as a defense the actual invalidity of the patent; but when in addition to the invalidity of the patent by reason of a prior outstanding patent, it is shown that the owner of the prior patent is asserting his exclusive rights thereunder by supplying the market with the patented article, and the licensee under the invalid patent is deprived of the monopoly for which he contracted, and in consideration of which he agreed to pay the royalty, he may defend on the ground of actual failure of the consideration." In the present case the monopoly is not

exclusive in the defendant, but was to be enjoyed with others who were also members of the association, and who also paid royalty. The difference is one of degree only, not of principle.

Subsequent cases have not disturbed these well settled principles. In Hardwick v. Galbraith, 147 Pa. 333, it was held that a license does not of itself import a monopoly, but in the present case it is expressly set up in the affidavit that there was to be a monopoly among the members of the association, all of whom paid royalty. In Jarecki Co. v. Hays, 161 Pa. 613, the pith of the decision, p. 617, is that a licensee *receiving the benefits* must pay the fees without regard to the validity of the patent; and in Hardwick v. Galbraith, supra, and Patterson's Appeal, 99 Pa. 521, it was held that the licensees could not set up the invalidity of the patent as a defense because they had agreed that the test on that point should be an adverse decision by a court of competent jurisdiction. All these cases are in entire harmony with Angier v. Eaton Co., supra.

The defendant was entitled to go to a jury on the defense set up in his affidavit.

Judgment reversed and procedendo awarded.