## Genese *v.* H. K. Mulford Company, Appellant.

*Equity—Account—Patents—Royalty—Undisturbed enjoyment of license.*

1. In a proceeding in equity for an accounting for royalties claimed under an agreement for the manufacture by the defendant of an article under a patent owned by the plaintiff, where the auditor has found, upon sufficient testimony, that the defendant was making the articles under the plaintiff's patents without interference or attempted interference by anyone and that no other person was using or claiming the right to use any of the inventions covered by the agreement, the licensee is bound to pay the stipulated royalty.

2. A licensee receiving the benefits of a patent is bound to pay the stipulated royalty.

Argued Jan. 18, 1911.  Appeal, No. 338, Jan. T., 1910, by defendant, from decree of C. P., No. 3, Phila. Co., March T., 1907, No. 5,654, for an account in case of David Genese v. H. K. Mulford Company.  Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ.  Affirmed.

Bill for an accounting under a written contract for use of a patent.  Hearing before Theodore F. Jenkins, referee, on bill, answer and proofs.

The facts appear in the opinion of the Supreme Court.

McMICHAEL, P. J., dismissed defendant's exceptions to the referee's findings and decreed that the defendant pay to the plaintiff the sum of $2,500.80.  Defendant appealed.

*Errors assigned* were in dismissing defendant's exceptions to the referee's findings of fact and conclusions of law.

*William A. Carr*, with him *W. Horace Hepburn* and *Sidney L. Krauss*, for appellant.

*Alfred R. Haig*, with him *William F. Harrity*, and *Henry C. Thompson, Jr.*, for appellee.

PER CURIAM, March 20, 1911:

The bill was for an accounting for royalties claimed under an agreement for the manufacture, by the defendant, of suppositories, with metallic coverings, under a patent owned by the plaintiff.  In the answer it was averred that prior to the making of the agreement, the plaintiff had represented that he had not granted the right to use his patented process to anyone, and that he could give the defendant the exclusive right to use the same, that the contract was entered into because of this assurance; that these representations were untrue, because the plaintiff had previously sold to other persons a patent which differed only slightly from the patent, the use of which he

licensed to the defendant and had agreed to give them the exclusive use of any improvements on the patents sold, which he might thereafter make.

The learned referee found as a fact that the defendant was making covered suppositories under the plaintiff's patents, without interference or attempted interference by anyone and that no other person was using or claimed the right to use any of the inventions covered by the agreement. He held as matter of law that a licensee, receiving the benefits of a patent, is bound to pay the stipulated royalty. The finding of fact was warranted by the testimony and the conclusion of law was in accord with our decisions: Jarecki v. Hays, 161 Pa. 613; Edison General Elec. Co. v. Thackara Mfg. Co., 167 Pa. 530.

The decree is affirmed at the cost of the appellant.