## LEHMAN CO. OF AMERICA, Inc., v. APPLETON TOY & FURNITURE CO.

### No. 8653.

Circuit Court of Appeals, Seventh Circuit.
April 11, 1945.

Henry Blech and Herman Herson, both of Chicago, Ill., and Robert A. Hess, of Milwaukee, Wis., for appellant.

Franklin M. Warden, of Chicago, Ill., and Ira Milton Jones, of Milwaukee, Wis., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

This appeal is taken from the District

Court's order of May 22, 1944, denying defendant's petition to modify the final decree entered in this cause on August 4, 1942.

In the original action plaintiff had charged defendant with infringement of claim 3 of plaintiff's United States Patent No. 1,724,569, issued August 13, 1929. By interlocutory decree of October 13, 1941, the court decreed the claim valid and infringed, permanently enjoined Appleton from making, using or selling any high chair in infringement of claim 3, and ordered an accounting and payment to plaintiff of past gains and profits to Appleton by reason of such infringement. On October 21, 1941, the parties entered into a written agreement whereby Lehman waived recovery of past damages, profits and costs, and granted to Appleton a non-exclusive license to manufacture and sell the chair covered by the patent on a royalty basis extending over the full term of the patent. The validity of the patent was not warranted. The final decree, which the court refused to modify, recites that, the parties having made a settlement for past infringement and the matter of costs, it is decreed that the provisions of the interlocutory decree relating to past infringement and costs are vacated, and in all other respects that decree is continued in full force and effect and made final.

Appleton's petition to modify this decree was actuated by the following facts: On January 29, 1942, Lehman sued Kroll Brothers Company, in the Northern District of Illinois, charging it with infringement of the same patent claim involved in this action. That court, on December 18, 1942, held the claim invalid, and this court affirmed that decision on January 5, 1944. 7 Cir., 139 F.2d 391. There was no petition for rehearing nor for certiorari.

On these facts Appleton prays that the interlocutory and final decrees be modified so as to declare the patent invalid; that the injunction be dissolved; and that it be awarded judgment for what it has paid as royalties both before and after the date on which the patent was declared invalid by the District Court for the Northern District of Illinois.

■■ As between these parties the interlocutory and final decrees of the District Court for the Eastern District of Wisconsin are conclusive. Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949.

Appleton having failed to appeal from those decrees, that court very properly held that Appleton's present petition to modify them amounted to nothing more than a bill of review, which may only be granted for error of law apparent on the face of the record, or for new facts then existent but since discovered which would materially affect the decree and induce a different result, or for fraud in procuring the decree. This petition to modify those decrees merely alleges that they were erroneous under the law and evidence, by reason of a subsequent decision of this court on the same issue but between different parties. This constitutes no basis for a bill of review. The only remedy for such alleged error is by appeal which Appleton failed to take. Scotten v. Littlefield, 235 U.S. 407, 35 S.Ct. 125, 59 L. Ed. 289; Irvin v. Buick Motor Co., 8 Cir., 88 F.2d 947; Fraser v. Doing, 76 App.D.C. 111, 130 F.2d 617.

■ Moreover, Appleton elected to become a non-exclusive licensee of Lehman, and so long as that relationship exists without eviction it cannot question the validity of the patent. Bell & Howell Co. v. Bliss, 7 Cir., 262 F. 131; Walker on Patents (Dellers Ed.), Vol. II, section 383. Appellant is not here claiming an eviction, as sometimes occurs. See Drackett Chemical Co. v. Chamberlain Co., 6 Cir., 63 F.2d 853. Nor is it seeking to cancel the license for any other reason. It merely asks to dissolve the injunction and to recover the royalties heretofore paid, and to do so by modifying the original decree, which was entered long before any royalties were due or paid. This the District Court was not authorized to do.

■ We recognize the principle that a final or permanent injunction is a continuing process over which the equity court necessarily retains jurisdiction in order to do equity. United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999; Ladner v. Siegel, 298 Pa. 487, 148 A. 699, 68 A.L.R. 1172, 1180; Santa Rita Oil Co. v. State Board of Equalization, 112 Mont. 359, 116 P.2d 1012; Anno. 136 A.L.R. 757. However, in doing equity to one party the court must not do an inequity to his adversary, where, as here, neither one, by law or conduct, has forfeited his right to equity, so far as these issues disclose.

■ It is true that a district court should follow the effective decisions of the circuit court of appeals of the same circuit. Stoody

Co. v. Carleton Metals, Inc., 9 Cir., 111 F.2d 920; Cyclopedia of Federal Procedure (2d Ed.) Vol. 3, section 684. However, Judge Duffy has in no way violated this rule, because his decision antedated the decision of this court. Neither this rule nor any other rule of which we are cognizant requires or authorizes a district court, on its own motion or otherwise, to materially modify its final unappealed decree after the time for appeal has expired, merely to keep current with the subsequent decisions of its circuit court of appeals. Cf. E. Ingraham Co. v. Germanow, 2 Cir., 4 F.2d 1002.

Here there is no threat to demand further royalties, nor can we anticipate that there will be. We can not assume that contempt proceedings will ensue or be sustained, and we are not permitted to render an anticipatory decision with respect thereto, and we intimate none.

Decree affirmed.