## APPLETON TOY & FURNITURE CO. v. LEHMAN CO. OF AMERICA.

### No. 9463.

Circuit Court of Appeals, Seventh Circuit.

Feb. 5, 1948.

Henry Blech and Herman Herson, both of Chicago, Ill., for appellant.

Franklin M. Warden, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal is from the dismissal of a complaint seeking the refund of royalties paid by a patent licensee, and counterclaim for later-due royalties not paid. The basis for the claim was the alleged eviction of the licensee by judicial decree.

The facts which give rise to the claim here asserted were stated by this court in Lehman Co. v. Appleton Co., 148 F.2d 988, hence we shall state them only briefly. In a suit for a patent infringement brought by Lehman, the District Court for the Eastern District of Wisconsin held claim 3 of the patent on which the suit was based valid and infringed by Appleton and, by decree of October 13, 1941, permanently enjoined the latter from making the device and ordered an accounting. There was no appeal from this decree, and the parties thereafter entered into a license agreement providing for payment of royalties on chairs previously made, waiver by Lehman of past damages, profits and costs, and granting Appleton a non-exclusive license to manufacture and sell the chair covered by the patent which expired in 1946.[1]

---

[1] The record in the case at bar shows quarterly payments in accordance with the agreement, totalling $13,515, and ending with a payment on October 13, 1943, of $1,371.

In January, 1942, Lehman sued another chair manufacturer for infringement of the same claim of the same patent in the District Court for the Northern District of Illinois, and that court, in December, 1942, held the claim invalid. This judgment was affirmed by us in January, 1944. Lehman Co. v. Kroll Bros. Co., 139 F.2d 391. After this decision, Appleton filed a petition in the Wisconsin court asking that court to modify its final decree in the original infringement suit to declare the patent invalid, dissolve the injunction, and award it judgment for all royalties paid both before and after the Illinois District Court decree. We affirmed the action of the Wisconsin court holding that the petitioner, Appleton, was not entitled to the relief sought and denying the petition. 148 F.2d 988. Thereafter, Appleton filed the complaint here involved, seeking recovery of those royalties paid between December 18, 1942, the date of the Illinois District Court decision, and January 5, 1944, the date of affirmance by this court, aggregating $6,334, and for cancellation of the license agreement. Lehman filed its counterclaim for judgment for accounting and payment of royalties from the date of the last accounting to August 13, 1946, the end of the term of the license agreement by expiration of the patent. The court found neither party entitled to recover on the claim asserted, and dismissed both the complaint and the counterclaim. The appeal is only from the dismissal of the complaint.

The sole question raised by this appeal is whether the judgment of the Illinois District Court constituted an eviction so that Appleton was no longer obligated to pay the royalties for the use of the patent, hence became entitled to refund of such royalties as it did pay, upon affirmance of the decree on appeal, which, it asserts, related back to the date of the original decree and constitutes an eviction as of that earlier date.

Appellant strongly relies upon the case of Drackett Co. v. Chamberlain Co., 63 F.2d 853, where the Sixth Circuit Court of Appeals held that a judgment of a United States District Court in New York holding a patent invalid constituted an eviction of a licensee entitling it to deny liability for royalties accruing under the license agreement after the date of that judgment. We note several significant distinctions between that case and the one at bar. In the first place, there was no appeal from the New York District Court decision of invalidity, as there was none from the Wisconsin decree of validity in the case before us, hence, if the judgment did constitute an eviction, it had to be as of the effective date of the District Court decision. Further, the license there involved was an exclusive one, and while the Sixth Circuit Court of Appeals stated that the principles to which it adverted applied with equal force to all types of license, exclusive, partially exclusive, and non-exclusive, we think it is a matter of some significance that the license here involved did not grant an exclusive monopoly, nor did it warrant the validity of the patent covered thereby or make any provision for cancellation in case the patent were declared invalid by a court of competent jurisdiction. And, of course, whereas in the Drackett case, only one decision was involved, holding the patent invalid, here conflicting decisions were involved, entered by courts of the same relative authority each in its own district, and, most important for appellant here, the decision directly affecting it upheld the validity of the patent and forbade infringement thereof. We think the authority of this decision remained binding upon appellant even though the court's ruling as to the validity of the patent was indirectly rendered nugatory by the subsequent decision of the Court of Appeals in a different cause involving different parties. An erroneous decision is as binding as a correct one if no appeal is taken from it. Hubbell v. United States, 171 U.S. 203, 18 S.Ct. 828, 43 L.Ed. 136; Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587; Spencer v. Gypsy Oil Co., 10 Cir., 142 F.2d 935. While the Illinois decision was effective, upon affirmance, as of the date of its entry by the District Court as between the parties, it did not become stare decisis as to strangers, and particularly as to a stranger such as Appleton, already bound by a decision of a court of the same relative authority. Our decision as to the invalidity of the patent became binding upon District Courts in this circuit as to subsequent litigation on the same patent, but we have already decided

that it did not affect an earlier final decision from which no appeal was taken. 148 F.2d 988.[2]

Appellant contends that "the instant the patent was judicially declared invalid, it became open to the public so that the monopoly created was thereby destroyed and the plaintiff was thereby discriminated against by having had to pay royalties for an article of manufacture, which was free and open to the public. * * *" We are not convinced that the adjudication had such an immediate and drastic effect. This seems to us to be out of harmony with Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949, which, it is true, involved a different issue, but which recognizes and upholds the right of a patentee to re-litigate the validity of a patent held invalid by one or more courts, clear up to a decision by the Supreme Court in case of a conflict of decision between different circuits. It comments on the fact that that Court has several times held valid the claims of a patent which had been held invalid by a circuit court of appeals in an earlier suit brought by the same plaintiff against another defendant. This being the case, we think there is a continuing hazard of unauthorized use even after a patent has been held invalid, and that, in the absence of a final decision by the Supreme Court, unauthorized use of any patent on the basis of a holding of invalidity in a suit to which the user is a stranger is at the risk of a possible subsequent holding of validity which may render such user liable for infringement. Hence we agree with appellant that the injunction did hang like the sword of Damocles over its head. However, we infer from that that the suspension of that injunction against unauthorized use furnished consideration for the payment of the royalties provided by the license.

Under the circumstances of this case, with a non-exclusive, non-warranty license containing no escape provision in case of a holding of invalidity, we think the contract for the payment of royalties re-mained effective despite the Illinois District Court adjudication of the invalidity of the patent involved. The cases of Drackett Co. v. Chamberlain Co., supra, and Ross v. Fuller & Warren Co., C.C.N.Y., 105 F. 510, holding that an eviction occurs when a District Court holds a patent invalid, are not authority for that proposition under the facts presented here. See also Thomson Spot Welder Co. v. Oldberg Co., 256 Mich. 447, 240 N.W. 93, 94, where the Michigan Supreme Court said, in a case involving facts quite similar to those of the case at bar, "At bar, the contract was for use, not exclusive use, and was not restricted territorially. The decision of the District Court ipso facto destroyed nothing of such right of use. Because of the conflict of judicial decrees, a hazard of use without license remained which furnished a continuing consideration for the contract, at least until the conflict had been resolved by the court of last resort."

We agree with the District Court that appellant was not entitled to refund of the royalties paid between the date of its decision of the invalidity of the patent in another case, and the date of the affirmance of that decision by this court.

Judgment affirmed.

---

[2] Cf. Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475, as to the duty of a lower court to re-open a proceeding where its decree had not yet become final and where its error was demonstrated by judgment of the Supreme Court in another cause involving the same patent.