Jungersen *v.* Kaysen, Appellant.

Argued October 8, 1952. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Gunther, JJ. (Arnold, J., absent).

*Henry J. Morgan,* with him *James P. Gilliland* and *Carr & Krauss,* for appellant.

*Wallace D. Newcomb,* with him *James C. McConnon* and *Paul & Paul,* for appellee.

OPINION BY GUNTHER, J., March 17, 1953:

This is an appeal from the entry of judgment on the pleadings. Appellee brought an action in assumpsit for royalties due and an accounting thereof under a patent licensing agreement. Appellant's answer, raising new matter, was met with preliminary objections in the nature of a demurrer which were sustained by the court below and judgment entered thereon.

The licensing agreement between the parties, entered into on March 15, 1940, provided that appellant was to have an unassignable, non-exclusive license to use certain processes held by appellee under Patent No. 2118468; that appellant should also have similar rights in several processes related to the first patent for which patent applications were then pending[1]; that the license was to continue for the life of each and every patent; that the consideration for such license was a prescribed rate of royalties, with a minimum of $10 per month.

---

[1] Four applications were subsequently granted and patents issued thereon, and therefore became part of the contract.

The agreement provided, *inter alia,* that appellant would not contest the validity of any of the licensed patents while the agreement was in effect; that the refusal of, or judicial declaration of invalidity of, any of the four *pending* patent applications would give appellant the right to terminate the agreement; and that appellant had the absolute right to terminate upon three months' written notice that he would not thereafter use any of the patented methods, providing he should have paid all accrued royalties.

The agreement is still in effect, appellant having never given the required notice. Appellant in his answer claims credit for payment of all royalties until sometime in 1944, but, by inference, admits no payments thereafter. Appellant by way of new matter averred that original patent under this licensing agreement was held invalid on January 3, 1949 by the Supreme Court of the United States, (*Jungersen v. Ostby & Barton Co.,* 335 U. S. 560), on the ground of want of invention, in an infringement suit involving parties *other than appellant.*

Appellant contends that this decision constitutes an eviction or failure of consideration relieving him of the duty to pay royalties or to account.

There are several difficulties with appellant's position. First, the licensing agreement admittedly covered five patents, only one of which was held invalid. Why the obligations under the four patents should fall with the fifth is neither made clear by appellant nor supported by the pleadings. He alleged merely that the four later patents were only improvements and variations on the first and hence became equally invalid upon the Supreme Court decision. However, as we shall point out, this allegation cannot be accepted as true, under the law and the terms of the agreement. Since patents may be issued for improvements as well as

completely novel inventions, it is clear that each patent stands by itself and is entitled to a presumption of validity, since the grant of a patent is prima facie proof of patentability. *Mumm v. Jacob E. Decker & Sons,* 301 U. S. 168.

Nor is there any basis for failure of consideration anent the use of the first patent itself. Appellant bargained for and received a non-exclusive license to use certain of appellee's patents, for a stipulated price, during the term of their existence. There was no intention to give a monopoly, but only a bare license which appellee might have granted to many others. Appellant, therefore, received exactly what he bargained for and, by his own agreement, must pay for. *Hardwick v. Galbraith,* 147 Pa. 333, 23 A. 451. Had he paid royalties continuously, he would be in no position to demand the return thereof once the decree of invalidity was entered. *Appleton Toy & Furniture Co. v. Lehman Co. of America,* 165 F. 2d 801 (C.C.A. 7th 1948). The Supreme Court decision cannot relate back to affect the validity of a non-exclusive license to use the first patent which was presumptively valid for nine years, and the subsequent four patents which remain valid. Had appellant believed that appellee had no legal claim to these inventions, he need not have entered the licensing agreement. In fact, the first patent had been litigated prior to the formation of this contract, and had been held valid in an infringement case. *Jungersen v. Morris Kaysen Co.,* 31 F. Supp. 703 (D. C. Pa. 1940). In the *Jungersen* case, January 24, 1940, this very patent was held valid. No appeal was taken. Appellant therefore, bargained for the right to use patents he believed valid, and to be free from infringement suits by appellee. He received exactly what he contracted for and cannot now complain that he must carry out his side of the bargain *Hardwick v. Galbraith,* supra.

Appellant relies heavily on the recently decided case of *National Foam System v. Urquhart,* 103 F. Supp. 433 (D. C. Pa. 1952). Scrutiny of that case, however, is of little or no help to appellant. In that case plaintiff asked relief from the duty to pay royalties *after* the date of a judgment by a Federal circuit court declaring defendant's patents invalid in an infringement suit invoking a third party. There was no question of liability for royalties *prior* to the decision. The court granted the relief requested. Thus appellant's strongest case affords him no aid concerning liability under the first patent.

There remains the question of appellant's right to raise in defense the matter of the Supreme Court invalidating decision of January 3, 1949, and the effect of that decision in the present suit. Appellant's contention raises the general question whether a licensee, under a non-exclusive license, who agrees not to contest the validity of the patents involved in the licensing agreement, can show a judicial declaration of invalidity of such patent in a third party suit, as a defense to an action for royalties under the licensing agreement. The theory of such a defense is that court adjudication of invalidity in a third party suit can be shown as a failure of consideration or eviction, and applies equally to exclusive and non-exclusive licensing agreements. Admittedly the authorities are not in agreement on this problem where, as here, the license granted is non-exclusive. One view holds that where the license is non-exclusive, and the judicial declaration of invalidity is by a court other than the Supreme Court of the United States, the doctrine of eviction does not apply, and the licensee cannot raise such a defense to a suit for royalties. *Automatic Radio Mfg. Co. v. Hazeltine Research,* 176 F. 2d 799, and authorities cited page 808 (C.C.A. 1st 1949); *Appleton Toy & Furniture Co.*

*v. Lehman Co. of America,* supra, 165 F. 2d 801 (C.C.A. 7th 1948). Cf. *Triplett v. Lowell,* 297 U. S. 638, 56 S. Ct. 645, 80 L. Ed. 949. The contrary view, that lower court declarations of invalidity involving third parties can be shown by the licensee in non-exclusive licensing agreements, as an eviction or failure of consideration, is represented, by the case of *National Foam System v. Urquhart,* supra, 103 F. Supp. 433 (D. C. Pa. 1952) and *Drackett Chemical Co. v. Chamberlain Co.,* 63 F. 2d 853 (C.C.A. 6th 1933).

However, we may assume, without deciding the point, that appellant in the present action can rely on the decree of invalidity as to the first patent of the Supreme Court of the United States of January 3, 1949, by way of failure of consideration or eviction. Whatever may be the rule as to lower court declarations of invalidity, there is much more to be said for holding a United States Supreme Court declaration of patent invalidity conclusive as an eviction or failure of consideration under the licensing agreement. Cf. *Automatic Radio Mfg. Co. v. Hazeltine Research,* supra, 176 F. 2d 799. In the present case, however, it is wholly unnecessary for this Court to pass upon the question of the effect of the United States Supreme Court declaration of invalidity of January 3, 1949, since appellant has, in any event, presented no defense in his answer sufficient to prevent the entry of summary judgment. The other four patents, which were an integral part of the licensing agreement, remain. As to these there has been no judicial declaration of invalidity whatsoever. The validity of two of the four patents was upheld in lower court litigation, the other two patents have not been attacked. As to the remaining four patents appellant cannot even show a lower court declaration of invalidity. These four patents still outstanding furnish ample consideration for the agree-

ment and appellant's defense of eviction is unavailing.

Appellant's averment, in paragraph 16 of his answer, that he "believes and therefore avers that [the four patents] are merely additions to and improvements on Patent No. 2,118,468, and consequently have likewise been rendered invalid by the aforesaid judicial decision" cannot be accepted as true, and did not constitute a defense to the present action. Such an averment clearly violates appellant's agreement not to contest the validity of any patents covered by the contract, for by the averment appellant is attempting to show the factual invalidity of the four patents in a suit on the licensing agreement. Again, appellant does not and cannot show that the Supreme Court, or any court, held any of these four patents invalid, and his defense of failure of consideration or eviction as to these four patents fails. Also, under paragraph 10 of the licensing agreement appellant could terminate the contract immediately, upon written notice, if any one of the four patents were judicially declared invalid and no appeal taken from such decision. Thus, the four patents were treated in the agreement as a material part of the consideration for the entire agreement, and the licensee given a clear remedy in the event he could establish failure of consideration in this manner. Further, appellant had the absolute right to terminate all of the patents by giving the proper notice and paying royalties to the end of the year. It would, therefore, be contrary to the express provisions of the agreement to permit appellant in this suit to show the four patents were factually dependent on the first patent and fell with it.

Appellant clearly received that which he bargained for under the terms of the licensing contract. He has shown no defense on the pleadings and the judgment of the court below was proper.

The judgment of the court below is affirmed.